89858-5/10996921

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIBETH ECKHAUS,   CASE NO.

    Plaintiff,

vs.

DRURY HOTELS COMPANY, LLC d/b/a
DRURY INN & SUITES ORLANDO, a
foreign limited liability company,

    Defendant.
_____/

## NOTICE OF REMOVAL OF CAUSE

COMES NOW the Defendant, DRURY HOTELS COMPANY, LLC d/b/a DRURY INN & SUITES ORLANDO, a foreign limited liability company, by and through undersigned counsel, hereby files its Notice of Removal of Cause pursuant to 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, and in compliance with Local Rule 4.02 of the United States District Court for the Middle District of Florida. This cause was originally filed in the Ninth Judicial Circuit in and for Orange County, Florida, and as grounds in support of this Notice of Removal, Defendant states as follows:

1.    There is currently pending in the Ninth Judicial Circuit in and for Orange County, Florida the following styled case bearing civil case number 2020-CA-011636-O (Div. 34), *MARIBETH ECKHAUS, Plaintiff, vs. DRURY HOTELS COMPANY, LLC d/b/a DRURY INN & SUITES ORLANDO, a foreign limited liability company, Defendant*.

2.    This case arises out of an alleged slip and fall that occurred on Defendant's premises located at 7301 West Sand Lake Road, Orlando, Florida. See generally Compl.

3. Copies of the docket sheet and all available processes, pleadings, and other papers served in the state action are being filed simultaneously with this Notice of Removal, as required by 28 U.S.C. § 1446(b), and Local Rule 4.02(c) of the United States District Court for the Middle District of Florida.

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**Legal Standard and Analysis**

Federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)(citations omitted). Federal district courts have original jurisdiction over civil actions brought in diversity, in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Federal district courts also have original jurisdiction "of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Defendant invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interests and costs.

Venue exists in the Middle District of Florida, Orlando Division, because the Circuit Court for Orange County, Florida, is within the Orlando Division. See M.D. Fla. L.R. 1.02(b)(3).

Plaintiff effectuated service of the Complaint in this matter on December 4, 2020. The Notice of Removal of Cause is being timely filed within thirty (30) days after Defendant is deemed to have been served with the original Complaint, as required by 28 U.S.C. § 1446(b).

Written notice of the filing of the Notice of Removal of Cause will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, pursuant to 28 U.S.C. § 1446(d).

**Diversity of Citizenship**

"Diversity jurisdiction must exist at the time an action is filed." Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991), *aff'd sub nom.,* Las Vistas Villas v. Petersen, 13 F.3d 409 (11th Cir. 1994).  The party asserting the existence of diversity jurisdiction bears the burden of pleading the existence of that jurisdiction, and if diversity jurisdiction is challenged, that party also bears the burden of establishing jurisdiction by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Ultimately, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

In the Complaint, Plaintiff provides that "At all material times, the Plaintiff MARIBETH ECKHAUS was and is a resident of Sebring, Highlands County, Florida." See Compl. at ¶ 2. For diversity jurisdiction, the citizenship of an individual is determined by domicile; "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Arrol v. Heron, No. 2:10-cv-655-FTM-29, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011).

According to the Highlands Property Appraiser's website, the most recent Tax Bill (2020) for the property, as well as a Trustee's Deed, dated February 19, 2020, Plaintiff's

permanent home and principal establishment is 3816 Normandy Drive, Sebring, Florida 33875. (**See** **Exhibits A-C**). Accordingly, the evidence referenced herein establishes that Plaintiff resides in Florida, is a citizen of the state of Florida, and domiciliary of the state of Florida with the intent to remain in Florida.

Defendant is a Nevada limited liability company. For the purpose of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant is owned by DDC Hotels, Inc. and DSW Industries, Inc. To sufficiently allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. Id.

DDC Hotels, Inc. is a Missouri corporation with its principal place of business located in St. Louis, Missouri. DSW Industries, Inc. is a Nevada corporation with its principal place of business located in Cape Girardeau, Missouri. Accordingly, Defendant is a citizen of both Missouri and Nevada.  Therefore, Defendant submits that complete diversity exists amongst the parties, as Plaintiff is a citizen of the state of Florida, while Defendant is a foreign entity with a principal place of business located outside of the state of Florida.

**The Amount in Controversy Exceeds $75,000.00**

Regarding the quantitative amount in controversy requirement, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001)(citing Snyder v. Harris, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is that which exceeds $75,000. See 28 U.S.C. § 1332(a)("The district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]").

"Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Factual allegations supported by evidence can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. Furthermore, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

In the Complaint, Plaintiff contends that "This is an action for damages in excess of $30,000.00." See Compl. at ¶ 1. Plaintiff has not pled a specific amount of damages; however, as it relates to the type of damages sought, Plaintiff provides:

> As a direct and proximate result of the aforesaid negligence by the Defendant DRURY ORLANDO, the Plaintiff MARIBETH ECKHAUS suffered grievous bodily injury with resulting pain and suffering, aggravation of a previously existing injury, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of an ability to earn money in the future. The Plaintiff's injuries are either permanent or continuing in nature, and the Plaintiff will suffer such losses and impairments in the future for medical treatment, medication, hospitalization, and the impairment of her ability to work and enjoy life. The

>Plaintiff has been required to expend diverse sums of money in an effort to cure her injuries and will be required to do so in the future.

Id. at ¶ 17.

Moreover, during pre-suit discussions, Plaintiff's counsel made an initial pre-suit demand of $850,000.[1] (**See Exhibit D**); Zabala v. Geovera Specialty Ins. Co., No. 8:10–cv–2222–T–30EAJ, 2010 WL 4680851, at *2 (M.D. Fla. Nov.10, 2010)(noting that plaintiff's pre-suit demand supported the amount-in controversy requirement); see also AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc., 268 Fed. Appx. 864, 866 (11th Cir. 2008)(considering a pre-suit demand letter to analyze the amount in controversy).

Defendant avers that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest and attorney's fees, thereby meeting the requisite jurisdictional threshold as set forth in 28 U.S.C. § 1332.

Defendant denies that Plaintiff is entitled to the recovery of the damages as alleged in the Complaint. However, if there is a judgment in favor of Plaintiff and against Defendant, the amount in controversy in this case would exceed the federal court's Seventy-Five Thousand Dollars ($75,000) jurisdictional threshold.

The undersigned attorney is fully licensed in the state of Florida, and is authorized to practice in the United States District Court for the Middle District of Florida. The undersigned attorney has been authorized by Defendant to file this Notice of Removal of Cause.

WHEREFORE, upon consideration of the foregoing, this Court should find that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332, and accordingly, removal of this action from the Ninth Judicial Circuit Court in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, is proper.

Dated: December 23, 2020.

/s/ Richards H. Ford
Richards H. Ford, Esquire (288391)
rford@wickersmith.com
Krista N. Cammack, Esquire (104718)
kcammack@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
Phone: (407) 843-3939
Fax: (407) 649-8118
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on December 23, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via the means indicated herein.

/s/ Richards H. Ford
Richards H. Ford, Esquire

## SERVICE LIST

John M. Phillips, Esquire
Law Office of Phillips & Hunt
212 N. Laura Street
Jacksonville, FL 32202
Via e-mail: kirby@floridajustice.com, tanjier@floridajustice.com, jphillips@floridajustice.com
[Counsel for Plaintiff]

---

[1] Portions of Plaintiff's initial pre-suit demand are attached hereto as Exhibit D. (See Exhibit D).