IN THE CIRCUIT COURT, NINTH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA.

CASE NO:
DIVISION:

MARIBETH ECKHAUS,
        Plaintiff,
v.

DRURY HOTELS COMPANY, LLC
d/b/a DRURY INN & SUITES ORLANDO
a foreign limited liability company,

        Defendant
_____/

## COMPLAINT
### General Allegations

COMES NOW the Plaintiff MARIBETH ECKHAUS, by and through her undersigned counsel, and sues the Defendant, DRURY HOTELS COMPANY, LLC, d/b/a Drury Inn & Suites Orlando (hereafter "DRURY ORLANDO"), a foreign limited liability company, and alleges:

1.     This is an action for damages which exceeds $30,000.00, exclusive of interest and costs.

2.     At all material times, the Plaintiff MARIBETH ECKHAUS was and is a resident of Sebring, Highlands County, Florida.

3.     Upon information and belief, at all material times, Defendant DRURY ORLANDO was and is a foreign limited liability company, with its principal place of business at 200 South Farrar Drive Cape Girardeau, MO 63701 and is authorized to do is doing business throughout the state of Florida, operating a

1
Law Office of Phillips & Hunt
212 N Laura Street
Jacksonville, FL 32202
PH: (904) 444-4444

hotel in Orlando, Orange County, Florida.

4. At all material times, Defendant DRURY ORLANDO was in possession and control of the hotel common areas, including the outdoor pool and hot tub area, located at 7301 West Sand Lake Road, Orlando, Orange County, Florida.

5. On or about June 6, 2018, Plaintiff MARIBETH ECKHAUS was lawfully on the property of Defendant DRURY ORLANDO in the common area of the outdoor pool and hot tub.

## COUNT I
**Premises Liability**

6. Plaintiff adopts and reincorporates paragraphs 1-5 as though set forth fully herein.

7. At all material times, the Defendant DRURY ORLANDO had a non-delegable duty to maintain its common areas in a reasonably safe condition for their guests lawfully on its premises, like the Plaintiff MARIBETH ECKHAUS.

8. Defendant DRURY ORLANDO is vicariously liable for the actions of its employees and agents acting on its behalf.

9. Defendant DRURY ORLANDO owned and operated an outdoor pool and hot tub area, including the pool and hot tub decking and stairway, located at 7301 West Sand Lake Road, Orlando, Orange County, Florida.

10. On or about June 6, 2018, Defendant DRURY ORLANDO maintained the outdoor pool/hot tub deck and stairways in such a manner that they allowed water and slick residue to accumulate on the decking and stairway

leading in and out of the hot tub creating a hazard for their guests, like Plaintiff MARIBETH ECKHAUS.

11. On or about June 6, 2018, Defendant DRURY ORLANDO maintained the outdoor pool/hot tub deck and stairways in such a manner that they allowed the handrail on the stairways to become loose from their anchors and did not provide a solid handrail, creating an unstable hazard for their guests, like Plaintiff MARIBETH ECKHAUS.

12. On or about June 6, 2018, Defendant DRURY ORLANDO breached the duty owed to the Plaintiff MARIBETH ECKHAUS, in one or more of the following ways:

- A. By its agents creating or allowing a dangerous condition to exist in the outdoor pool and hot tub decking and stairway area of Defendant DRURY ORLANDO's property, to wit: water mixed with other slick residue on the decking and stairway, creating a slippery surface where guests routinely traversed;

- B. By its agents failing to adequately inspect the areas surrounding the outdoor pool and hot tub decking and stairway area to ensure that the stairway was operating safely and discovering and correcting the dangerous condition, to wit: water mixed with other slick residue on the pool and hot tub decking and hot tub stairway, creating a slippery surface where guests routinely traversed;

C. By its agents failing to maintain the outdoor pool and hot tub decking and stairway area, thereby creating or allowing a dangerous condition to exist, to wit: water mixed with other slick residue on the pool and hot tub decking and the hot tub stairway, creating a slippery surface where guests routinely traversed;

D. By its agents failing to warn tenants and their guests of a dangerous condition within the outdoor pool and hot tub decking and stairway area, to wit: water mixed with other slick residue on the on the pool and hot tub decking and the hot tub stairway, creating a slippery surface where guests routinely traversed;

E. By its agents creating or allowing a dangerous condition to exist in the outdoor pool and hot tub decking and stairway area of Defendant DRURY ORLANDO's property, to wit: the unstable handrail on the pool and hot tub stairway, which created a dangerous condition and provided a false sense of security for their guests who routinely traversed their stairway.

F. By its agents failing to adequately inspect the areas surrounding the outdoor pool and hot tub decking and stairway area to ensure that the stairway was operating safely and discovering and correcting the dangerous condition, to wit: the unstable handrail on the pool and hot tub stairway, which created a dangerous condition and

    provided a false sense of security for their guests who routinely traversed their stairway.

    G. By its agents failing to maintain the outdoor pool and hot tub decking and stairway area, thereby creating or allowing a dangerous condition to exist, to wit: the unstable handrail on the pool and hot tub stairway, which created a dangerous condition and provided a false sense of security for their guests who routinely traversed their stairway.

    H. By its agents failing to warn tenants and their guests of a dangerous condition within the outdoor pool and hot tub decking and stairway area, to wit: the unstable handrail on the pool and hot tub stairway, which created a dangerous condition and provided a false sense of security for their guests who routinely traversed their stairway.

    13. The Defendant DRURY ORLANDO's agents knew, or in the exercise of reasonable care should have known, that the common outdoor pool and hot tub decking and stairways and unstable handrail described herein was an area subject to daily foot traffic and that the pooling of water and slick residue would occur, creating an inherently dangerous risk of bodily harm to their guests, including Plaintiff MARIBETH ECKHAUS.

    14. On June 6, 2018, Plaintiff MARIBETH ECKHAUS was lawfully on the premises of Defendant DRURY ORLANDO as a customer as she was with her family on vacation.

15. Plaintiff MARIBETH ECKHAUS was in the hot tub with her husband and two sons. She was getting out of the hot tub using the stairs. As Plaintiff was walking up the hot tub stairway, she stepped on the last step, which was covered in slick residue that had pooled onto the surface of the stairs, causing her to slip, fall, and severely injure herself.  The unstable handrail prevented Plaintiff MARIBETH ECKHAUS from catching her balance.

16. The Defendant DRURY ORLANDO's negligent breach of the duties owed to the Plaintiff MARIBETH ECKHAUS was the direct, proximate, and legal cause of the Plaintiff's injuries and subsequent damages.

17. As a direct and proximate result of the aforesaid negligence by the Defendant DRURY ORLANDO, the Plaintiff MARIBETH ECKHAUS suffered grievous bodily injury with resulting pain and suffering, aggravation of a previously existing injury, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of an ability to earn money in the future.  The Plaintiff's injuries are either permanent or continuing in nature, and the Plaintiff will suffer such losses and impairments in the future for medical treatment, medication, hospitalization, and the impairment of her ability to work and enjoy life.  The Plaintiff has been required to expend diverse sums of money in an effort to cure her injuries and will be required to do so in the future.

WHEREFORE, the Plaintiff MARIBETH ECKHAUS demands judgment against the Defendant DRURY ORLANDO in an amount in excess of thirty thousand

dollars, together with the costs of this action, and a trial by jury of all issues so triable.

DATED this 23rd day of November, 2020.

                                            **Law Office of Phillips & Hunt**

                                            <u>**/s/ Amy M. Hanna**</u>
                                            **JOHN M. PHILLIPS, ESQUIRE**
                                            Florida Bar Number:  0477575
                                            **AMY M. HANNA, ESQUIRE**
                                            Florida Bar Number:  120471
                                            212 N Laura Street
                                            Jacksonville, FL 32202
                                            (904) 444-4444
                                            (904) 508-0683 (facsimile)
                                            Attorney for Plaintiffs
                                            jphillips@floridajustice.com
                                            amy@floridajustice.com
                                            tanjier@floridajustice.com