**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT **O**F **F**LORIDA
**O**RLANDO **D**IVISION

MARIBETH ECKHAUS,

       Plaintiff,

v.                                              Case No:   6:20-cv-2363-GAP-LHP

DRURY HOTELS COMPANY, LLC,

       Defendant

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   DEFENDANT'S MOTION FOR ENTITLEMENT TO TAXATION OF REASONABLE ATTORNEYS' FEES AND COSTS (Doc. No. 50)**
>
> **FILED:   July 26, 2022**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED as moot in part**.

**I.     BACKGROUND.**

On November 23, 2020, Plaintiff Maribeth Eckhaus instituted this action against Defendant Drury Hotels Company, LLC in state court, alleging one count of premises liability based on Plaintiff's alleged slip and fall on a stairway leading in and out of a hot tub on Defendant's premises.  Doc. No. 1-5.  On December 23, 2020, Defendant removed the matter to this Court based on the diversity of citizenship of the parties.  Doc. No. 1.  Defendant answered the complaint, Doc. No. 2, and the case proceeded in the ordinary course.

On March 1, 2022, Defendant filed a motion for summary judgment.  Doc. No. 31.  Upon consideration, the Court granted that motion, directed judgment to be entered in Defendant's favor, and ordered the case closed.  Doc. No. 38.  Judgment was entered in favor of Defendant and against Plaintiff on May 5, 2022.  Doc. No. 39.  Plaintiff's request to vacate or reconsider was denied.  Doc. Nos. 40, 42.

On June 3, 2022, Defendant filed a proposed bill of costs, as well as a motion for taxation of reasonable attorney's fees and costs.  Doc. Nos. 44, 45.  On review, the undersigned denied the motion for taxation of reasonable attorney's fees and costs without prejudice because the motion failed to comply with the bifurcated procedure set forth in Local Rule 7.01(a)–(b).  Doc. No. 49.  The undersigned permitted Defendant, on or before July 26, 2022, to file a renewed motion for

entitlement to attorney's fees and non-taxable costs, and to file a properly supported bill of costs for costs authorized under 28 U.S.C. § 1920.  *Id.*

On July 26, 2022, Defendant timely filed the above-styled motion.  Doc. No. 50.  Defendant also filed a proposed bill of costs the same day, which costs have since been taxed by the Clerk of Court.  Doc. Nos. 51–52.  Plaintiff has not lodged any timely objections to the bill of costs.  *See* Fed. R. Civ. P. 54(d)(1).

In the above-styled motion, Defendant "seeks entitlement to recover costs as the prevailing party in the instant action pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920."  Doc. No. 50, at 2.  In addition, Defendant seeks an order finding that it is entitled to attorney's fees for this litigation from February 1, 2022 onward, based on Fla. Stat. § 768.79 and a proposal for settlement served on Plaintiff that she did not accept.  *Id.* at 2, 3.  Defendant estimates its total fees at $8,882.00.  *Id.* at 4 n.2.  Plaintiff has not responded to the motion, and her time for doing so has expired.[1]  *See* Local Rule 3.01(c).  Accordingly, the undersigned considers the motion to be unopposed.  *See id.*

---

[1] On two occasions after the Court granted summary judgment and denied reconsideration, Plaintiff's counsel "Craig R. Lynd and the law firm of Kaufman & Lynd, PLLC" attempted to withdraw from this case.  Doc. Nos. 47, 53.  In those motions, Plaintiff's counsel explained that Plaintiff passed away during the pendency of this action and that a personal representative has been appointed.  *See id.*  Upon consideration, the undersigned denied both motions to withdraw without prejudice for failure to comply with the Local Rules, the last request being denied on August 16, 2022.  Doc. Nos. 48, 54.  To date, Plaintiff's counsel has not renewed the request to withdraw and therefore remains counsel of record for this case.

Upon consideration of the unopposed motion, the undersigned will respectfully recommend that the motion be granted in part, to the extent the Court find that Defendant is entitled to attorney's fees pursuant to the proposal for settlement and Fla. Stat. § 768.79. However, as discussed below, insofar as Defendant requests entitlement to *taxable* costs, that request is moot as costs have already been taxed by the Clerk.

## II. LEGAL FRAMEWORK.

### A. Fla. Stat. § 768.79.

Federal courts sitting in diversity jurisdiction apply the substantive law of the forum state and federal procedural law. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011). "This circuit has found [Fla. Stat.] § 768.79"—which is the offer of judgment statute—"to be substantive law for *Erie* purposes." *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007); *see also Horowitch*, 645 F.3d at 1258 ("[W]e conclude that the offer of judgment statute is substantive as a matter of this Court's precedent."). *See also* Fla. R. Civ. P. 1.442 (related state rule of civil procedure for offers of judgment/proposals for settlement); *Horowitch*, 645 F.3d at 1258 (observing that some sections of Rule 1.442 are substantive as well); *Divine Motel Group, LLC v. Rockhill Ins. Co.*, 722 F. App'x

887, 890 (11th Cir. 2018) ("Rule 1.442(b) applies in federal court because it is substantive for *Erie* purposes.").[2]

> Section 768.79 provides in relevant part:
>
> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.  Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. . . .

Fla. Stat. § 768.79(1).

To be valid under Fla. Stat. § 768.79, an offer of judgment must:   (1) be made in writing and state that it is being made pursuant to the statute; (2) name the party making the offer and the party to whom it is made; (3) state with particularity the amount offered to settle a claim for punitive damages, if any; and (4) state its total amount.  Fla. Stat. § 768.79(2)(a)–(d).  *See Romero v. Liberty Mut. Fire Ins. Co.*, No. 6:18-cv-1551-Orl-41GJK, 2020 WL 8459231, at *1 (M.D. Fla. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 8459233 (M.D. Fla. Nov. 10, 2020).  The offer of judgment must also comply with Florida Rule of Civil Procedure 1.442.  *Id.*

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

If an offer satisfies the requirements of § 768.79 and Rule 1.442, "'[t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith.'" *McMahan v. Toto,* 311 F.3d 1077, 1083 (11th Cir. 2002) (alterations in original) (quoting *Levine v. Harris*, 791 So. 2d 1175, 1177 (Fla. 4th Dist. Ct. App. 2001)).  *See also* Fla. Stat. § 768.79(7)(a). "The offeree bears the burden of proving the offeror's proposal was not made in good faith."  *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950-Orl-41KRS, 2018 WL 3635107, at *7 (M.D. Fla. Apr. 12, 2018), *report and recommendation adopted*, 2018 WL 4627290 (M.D. Fla. Sept. 27, 2018) (quoting *Liggett Grp., Inc. v. Davis*, 975 So. 2d 1281, 1285 (Fla. 4th Dist. Ct. App. 2008)).

B.     Costs Under Fed. R. Civ. P. 54.

In the motion, Defendant seeks to recover only taxable costs as set forth in 28 U.S.C. § 1920.  Doc. No. 50, at 4–9.  Requests for taxable costs are governed by Federal Rule of Civil Procedure 54(d)(1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54(d)(1) further states that "[t]he clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."  *Id.*  "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir.

2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).

**III.   ANALYSIS.**

Defendant submits for the Court's review a proposal for settlement, which was served on Plaintiff's counsel on February 1, 2022.  Doc. No. 50-1.  In the proposal for settlement, Defendant offered to pay Plaintiff $35,000 in full settlement of all of Plaintiff's claims.  *Id.* ¶ 3.  The proposal for settlement did not include any amounts for punitive damages nor attorney's fees, as Plaintiff brought neither claim.  *Id.* ¶¶ 4–5.  *See also* Doc. No. 1-5 (complaint).  The proposal for settlement further provided that if it was not accepted in writing within thirty (30) days, it would be deemed rejected by Plaintiff.  Doc. No. 50-1 ¶ 9.  *See also* Fla. Stat. § 768.79(1).  Upon review, the proposal for settlement complies with the requirements set forth in Fla. Stat. § 768.79 and Rule 1.442.

Given that the Court entered summary judgment in favor of Defendant, and Plaintiff recovered nothing on her claims, Defendant's motion (Doc. No. 50) is well taken insofar as it seeks a finding of entitlement to attorney's fees under Fla. Stat. § 768.79.  Notably, Plaintiff has not opposed the motion, has not argued that the proposal for settlement is defective in any way, nor has Plaintiff argued that the proposal for settlement was not made in good faith.  Accordingly, the Court should find Defendant entitled to fees incurred from the date the proposal for

settlement was served—February 1, 2022—pursuant to Fla. Stat. § 768.79. *See, e.g.*, *Neilson Enters., Inc. v. Fed. Ins. Co.*, No. 6:19-cv-875-Orl-31GJK, 2020 WL 5634124, at *2 (M.D. Fla. Sept. 4, 2020), *report and recommendation adopted*, 2020 WL 5628787 (M.D. Fla. Sept. 21, 2020) (granting motion for fees under Fla. Stat. § 768.79 based on proposal for settlement where the plaintiff failed to respond to the motion, the motion was deemed unopposed, and the proposal for settlement otherwise met the requirements of Fla. Stat. § 768.79 and Rule 1.442); *Kotchman v. State Farm Mut. Auto. Ins. Co.*, No. 8:15-cv-2482-T-JSS, 2017 WL 2427142, at *2–3 (M.D. Fla. June 5, 2017) (granting motion for fee entitlement under Fla. Stat. § 768.79 where there was no evidence the proposals for settlement were not made in good faith, the plaintiffs had failed to respond to the fee motion and argue otherwise, and the amounts recovered by the plaintiffs were at least 25% less than the amounts set forth in the proposals for settlement).

Defendant's motion also addresses taxable costs, and specifically seeks fees of the Clerk related to Defendant's notice of removal; fees for service of subpoenas; costs for transcripts; and photocopying costs. Doc. No. 50, at 7–9. These are the same costs reflected in Defendant's bill of costs, and the Clerk of Court has already taxed those costs. *See* Doc. Nos. 51–52. Accordingly, insofar as Defendant's motion is requesting a finding that it is entitled to taxable costs, the undersigned will respectfully recommend that the request be denied as moot. *See, e.g.*, *Hill v.*

*Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950-Orl-41KRS, 2018 WL 3635107, at *8 (M.D. Fla. Apr. 12, 2018), *report and recommendation adopted*, 2018 WL 4627290 (M.D. Fla. Sept. 27, 2018) ("Defendant filed a Proposed Bill of Costs in the amount of $7,003.75 on March 4, 2016. The Clerk of Court taxed those costs on March 18, 2016. Because the costs sought in this motion are the same as those costs listed in the Proposed Bill of Costs that already have been taxed by the clerk and Plaintiff filed no objection thereto, I respectfully recommend that the motion be denied as moot with respect to the request for an award of costs.").

## IV.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court **GRANT in part** Defendant's Motion for Entitlement to Taxation of Reasonable Attorneys' Fees and Costs (Doc. No. 50), **FIND** Defendant entitled to attorney's fees pursuant to the February 1, 2022 proposal for settlement and Fla. Stat. § 768.79, **ORDER** the parties to comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount of attorney's fees due to Defendant from February 1, 2022 onward due to the proposal for settlement, and **DENY** Defendant's Motion (Doc. No. 50) **as moot** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 9, 2022.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy