UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIBETH ECKHAUS,

Plaintiff,

v. Case No: 6:20-cv-2363-GAP-LHP

DRURY HOTELS COMPANY, LLC,

Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

**MOTION: DEFENDANT'S UNOPPOSED MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS PURSUANT TO ORDER GRANTING MOTION FOR ENTITLEMENT (Doc. No. 57)**

**FILED: January 19, 2023**

---

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On November 23, 2020, Plaintiff Maribeth Eckhaus instituted this action against Defendant Drury Hotels Company, LLC in state court, alleging one count of premises liability based on Plaintiff's alleged slip and fall on a stairway leading in and out of a hot tub on Defendant's premises. Doc. No. 1-5. On December 23, 2020, Defendant removed the matter to this Court based on the diversity of citizenship of the parties. Doc. No. 1. Defendant answered the complaint, Doc. No. 2, and the case proceeded in the ordinary course.

On March 1, 2022, Defendant filed a motion for summary judgment. Doc. No. 31. Upon consideration, the Court granted that motion, directed judgment to be entered in Defendant's favor, and ordered the case closed. Doc. No. 38. Judgment was entered in favor of Defendant and against Plaintiff on May 5, 2022. Doc. No. 39. Plaintiff's request to vacate or reconsider was denied. Doc. Nos. 40, 42.

On July 26, 2022, Defendant timely-filed a motion seeking entitlement to recover costs as the prevailing party under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920, and entitlement to attorney's fees from February 1, 2022 onward, based on Fla. Stat. § 768.79, and a proposal for settlement served on Plaintiff that she did not accept. Doc. No. 50; *see also* Doc. Nos. 44-45, 49. On December 27, 2022, the Court granted the motion in part, found that Defendant was entitled to attorneys' fees pursuant to

the proposal for settlement and Fla. Stat. § 768.29, and denied as moot the request for taxable costs, as they were previously taxed by the Clerk. Doc. No. 56; *see also* Doc. Nos. 55, 52. The Court provided Defendant 45 days to file a motion quantifying the requested fees. Doc. No. 56; *see also* Local Rule 7.01(c).

On January 19, 2023, Defendant filed the above-styled motion, in which it seeks $8,882.00 in attorneys' fees, for work expended on this case from February 1, 2022, the date the proposal of settlement was served on Plaintiff through the date final judgment was entered on May 5, 2022. Doc. No. 57. With the motion, Defendant has submitted a copy of the proposal for settlement, its attorneys' time sheets, and an order from the Seventh Judicial Circuit in and for Volusia County, Florida awarding fees in another case under a proposal for settlement analysis. Doc. Nos. 57-2 through 57-6. According to the Local Rule 3.01(g) certification, the motion is unopposed. Doc. No. 57, at 10; *see also id.*, at 4. Moreover, Plaintiff has not responded to the motion, and the time for doing so has expired.

The motion is now fully briefed, and has been referred to the undersigned. For the reasons discussed below, I will respectfully recommend that the motion (Doc No. 57) be granted.

## II. LEGAL FRAMEWORK

The Court has already determined that Defendant is entitled to an award of attorneys' fees pursuant to the February 1, 2022 proposal for settlement, and Fla.

Stat. § 768.79. Doc. No. 56; *see also* Doc. No. 55. Thus, this Report only concerns the quantification of that award.

A federal court sitting in diversity must apply the state's substantive law when ruling on a motion for an award of attorney's fees, *see, e.g.*, *McMahan v. Toto*, 256 F.3d 1120, 1133 (11th Cir. 2001), therefore the Court will apply Florida law to the motion of Defendant. *See also* Doc. No. 57, at 4. Florida follows the federal lodestar approach to calculating the amount of fees to be awarded. *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993) (citing *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990), and *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)). The undersigned will therefore analyze the reasonableness of Defendant's request for attorneys' fees according to federal law. *Tartaglia v. Big Apple Consulting USA, Inc.*, No. 6:09-cv-591-Orl-28DAB, 2011 WL 6937465, at *5 (M.D. Fla. Nov. 22, 2011) (citing *Schafler v. Fairway Park Condominium Ass'n*, 324 F. Supp. 2d 1302, 1312 (S.D. Fla. 2004), *aff'd*, 147 F. App'x 113 (11th Cir. 2005)), *report and recommendation adopted*, 2012 WL 11115 (M.D. Fla. Jan. 3, 2012).

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983)). In applying the lodestar analysis, the party seeking fees

has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *See, e.g.*, *Hensley*, 461 U.S. at 433. In addition, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citations omitted). Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

## III. ANALYSIS

### *A. The Reasonableness of the Hourly Rates*

Under the lodestar method, a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. *See also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The "relevant market" is "the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't*

*of Transp*., 29 F.3d 1489, 1494 (11th Cir. 1994)). To establish that the requested hourly rate is consistent with the prevailing market rate, the fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299. This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id.*

In determining an appropriate hourly rate, the Florida Supreme Court has held that courts should look to the following factors (the "*Rowe* factors"): (1) the skill requisite to perform the legal service properly; (2) the likelihood that undertaking the case would preclude other employment; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; and (7) the experience, reputation, and ability of the lawyers performing the services. *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017) (citing *Rowe*, 472 So. 2d at 1150).[1] The Court may also rely on its own knowledge and experience of the prevailing market

[1] There are four other *Rowe* factors that are considered when determining an appropriate lodestar amount as a whole: the time and labor required, the novelty and difficulty of the question involved, the results obtained, and whether the fee is fixed or contingent. These factors are not considered, however, when determining the appropriate hourly rate. *See Joyce*, 228 So. 3d at 1126 & n.1.

rate. *See Norman*, 836 F.2d at 1299-1300, 1303. However, "[t]he going rate in the community is the most critical factor in setting the fee rate." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445-Orl-22DAB, 2012 WL 695670, at *5 (M.D. Fla. Feb. 14, 2012) (citing *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990)), *report and recommendation adopted*, 2012 WL 695843 (M.D. Fla. Mar. 1, 2012).

Defendant retained the law firm of Wicker, Smith, O'Hara, McCoy & Ford, P.A. to litigate this case, and seeks recovery of legal fees for the work of three (3) attorneys from that firm at the following hourly rates:

| | |
|---|---|
| Richards H. Ford, Esq. | $225.00 |
| Krista N. Cammack, Esq. | $225.00 |
| Adam J. Wicker, Esq.[2] | $190.00 |

Doc. No. 57, at 5-6.

Defendant has submitted no evidence in support of these requested rates other than representations in the motion about each attorney's years of experience. *Id.* According to the motion, Attorney Ford is the managing partner of the firm,

---

[2] Attorney Wicker did not formally appear in this case, however this is not determinative of whether Defendant is entitled to recover fees for Attorney Wicker's legal work, particularly given the lack of any objection from Plaintiff. *Cf. Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858-Orl-40LRH, 2019 WL 5188601, at *5 (M.D. Fla. July 29, 2019), *report and recommendation adopted*, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019) (awarding hourly rate of $150.00 to attorney who was not admitted to practice in the Middle District of Florida, but performed legal work on the case).

has over 40 years' experience as a practicing attorney, and customarily charges hourly rates between $150.00 and $350.00. *Id.*, at 6. Attorney Cammack is a partner of the firm, has been a practicing attorney since 2013, and "claims that her rate charges are reasonable and customary in their practices." *Id.* The motion recites that another attorney at the firm – Clay Coward – secured a fee award at a rate of $225.00 per hour in a state court matter – although the motion wholly fails to provide any evidence concerning Attorney Coward's experience, or the subject matter of the state court case. *Id.*; *see also* Doc. No. 57-2. As for Attorney Wicker, the motion states that he is an associate with nearly three (3) years' experience, and that another associate with the same number of years of experience was awarded an hourly rate of $150.00 in another state court matter (again providing no information related to the subject matter of the state court case). *Id.* Other than these conclusory and unsupported statements in the motion, Defendant provides no evidence to support the requested hourly rates.

This paucity of evidence is insufficient to carry Defendant's burden of demonstrating that the requested hourly rates are reasonable. *See Norman*, 836 F.2d at 1299 (requiring "satisfactory evidence" to establish that an hourly rate is reasonable that "speak[s] to rates actually billed and paid in similar lawsuits," which is "more than the affidavit of the attorney performing the work."). Thus, the undersigned relies on her own experience to determine the appropriate hourly

rates. *See id.* at 1303 (citations omitted) (the court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value"); *see also Perez v. Sanford–Orlando Kennel Club, Inc., et al.*, No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *5 (M.D. Fla. Aug.14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

Upon review, based on the undersigned's own experience and taking into consider the *Rowe* factors, and in the absence of objection by Plaintiff, the undersigned finds that the hourly rates are reasonable for attorneys of similar experience litigating similar types of cases, and in fact are lower than those typically awarded in negligence and/or slip and fall cases to attorneys of similar experience in the Middle District of Florida. *See, e.g., Hajdasz v. Magic Burgers, LLC*, No. 6:18-cv-1755-Orl-22LRH, 2019 WL 3383429, at *5 (M.D. Fla. June 26, 2019), *aff'd*, 805 F. App'x 884 (11th Cir. 2020) (finding rate of $500.00 per hour reasonable in slip and fall case for attorney with 20 years' experience); *Inlet Marina Villas Condo. Ass'n, Inc. v. United Specialty Ins. Co.*, No. 6:17-cv-1337-Orl-40DCI, 2019 WL 2720219, at *3-4 (M.D. Fla. June 13, 2019), *report and recommendation adopted sub nom. Inlet Marina Villas Condo. Ass'n, Inc. v. United Specialty Ins. Co.*, 2019 WL 2717196 (M.D. Fla. June

28, 2019) (awarding hourly rates of $450.00, $350.00, and $250.00 for attorneys litigating insurance disputes in the Orlando Division); *Diperna v. GEICO Gen. Ins. Co.*, No. 6:12-cv-687-Orl-36KRS, 2016 WL 7246094, at *4 (M.D. Fla. June 27, 2016), *report and recommendation adopted by* 6:12-cv-687-Orl-36-KRS, Doc. 218 (M.D. Fla. Aug. 4, 2016) (awarding hourly rates of $550, $450, $400, and $225 for attorneys litigating an insurance dispute); *Transp. Alliance Bank, Inc. v. Sky Limits, Inc.*, No. 6:19-cv-53-Orl-31GJK, 2019 WL 7332775, at *2-3 (M.D. Fla. Dec. 13, 2019), *report and recommendation adopted*, 2019 WL 7308872 (M.D. Fla. Dec. 30, 2019) (awarding rate of $290.00 per hour to an associate with five years' litigation experience); *Novak v. Safeco Ins. Co. of Ill.*, No. 6:15-cv-215-Orl-41DCI, 2016 WL 8849018, at *6–7 (M.D. Fla. Nov. 18, 2016), *report and recommendation adopted*, 2017 WL 1552091 (M.D. Fla. May 1, 2017) (awarding rates of $225.00 and $235.00 per hour for associates). The undersigned will therefore recommend that the Court find the requested hourly rates reasonable.

*B. The Reasonableness of the Requested Hours*

The second half of the lodestar analysis requires the Court to calculate the number of hours reasonably expended on the litigation. Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that the requested hours are reasonable, counsel "should have maintained records to show

the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F2d at 1303. Inadequate documentation may reduce the fees requested. *Hensley*, 461 U.S. at 433. The court may also reduce hours it finds excessive or unnecessary. *Id.*

After the moving party provides sufficient documentation to support an attorney's fees award, the burden shifts to the opposing party to submit objections and proof that are specific and reasonably precise. *Barnes*, 168 F.3d at 428 (citing *Norman*, 836 F.2d at 1301). A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). Nevertheless, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (internal quotation marks omitted). When a court finds the number of hours billed to be unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Defendant seeks recovery for a total of 41 hours of attorney time, set forth as follows:

| | |
|---|---|
| Richards H. Ford | .70 hours |
| Krista N. Cammack | 30.50 hours |
| Adam J. Wicker | 9.80 hours |

In support of these hours, Defendant has attached each attorney's time sheets (Doc. Nos. 57-3 through 57-6), and a statement in the motion that "Attorney Ford has reviewed each task and has removed charges for tasks considered excessive, duplicative, clerical, or otherwise unreasonable. . . ." Doc. No. 57, at 9. As previously noted, Plaintiff has lodged no objections to any of the requested hours. And upon review of the attached time sheets, I find the number of hours expended to be reasonable, and will recommend to the Court that these hours are reasonable and appropriate under the lodestar analysis.

*C. Final Lodestar Calculation*

Applying the reasonable hourly rates to the reasonable hours requested results in the following total amounts:

| | | | |
|---|---|---|---|
| Richards H. Ford | $225.00/hour | .70 hours | $157.50 |
| Krista N. Cammack | $225.00/hour | 30.5 hours | $6,862.50 |
| Adam J. Wicker | $190.00/hour | 9.8 hours | $1,862.00 |
| **Total Lodestar:** | **$8,882.00** | | |

## IV. RECOMMENDATION

For the reasons discussed in this report, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Unopposed Motion for Reasonable Attorneys' Fees and Costs Pursuant to Order Granting Motion for Entitlement (Doc. No. 57) be **GRANTED**, and that Defendant be awarded attorneys' fees in the amount of **$8,882.00.**

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 27, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy